## S00A0087. HIGHTOWER v. THE STATE.
### (526 SE2d 836)

CARLEY, Justice.

A jury found Willie Lee Hightower guilty of the malice murder of Ms. Mae Brown. He appeals from the judgment of conviction and the life sentence entered by the trial court on the jury's guilty verdict.[1]

1. A neighbor found the body of Ms. Brown lying on the floor of her home. She died from a gunshot wound to the head. Material taken from under her fingernails was submitted for DNA testing. On the day of the murder, the police questioned Hightower on three occasions, and twice did so without giving him *Miranda* warnings. During the course of the questioning, Hightower denied killing Ms. Brown, and admitted only that he had been in her house on previous occasions. Although Hightower could not explain how he sustained lacerations on his chest which were consistent with fingernail scratches, he was not arrested for the murder at that time. Several days later, the police questioned Hightower with regard to his participation in an unrelated bank robbery. At this time, he received *Miranda* warnings and was arrested for that robbery. In the statement that Hightower gave officers after questioning on this occasion, he again denied killing Ms. Brown, and admitted only that he broke into her home several days before the murder in order to steal her money. The DNA material under Ms. Brown's fingernails matched Hightower's DNA. His fingerprints were found at the murder scene. On this evidence, a rational trier of fact was authorized to find proof beyond a reasonable doubt of Hightower's guilt of the malice murder of Ms. Brown. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Hightower moved to exclude from evidence the statements

---

[1] The murder was committed on July 23, 1997. The grand jury indicted Hightower on November 3, 1997. The jury returned its guilty verdict on October 20, 1998 and, on that same date, the trial court entered its judgment of conviction and imposed the life sentence. Hightower filed his notice of appeal on November 10, 1998. The case was docketed in this Court on September 28, 1999. Oral argument was heard on January 19, 2000.

which he made prior to receiving the *Miranda* warnings. After conducting a *Jackson-Denno* hearing, the trial court upheld the admissibility of the statements. Hightower enumerates this evidentiary ruling as error.

*Miranda* applies only to statements which result from an in-custody interrogation of the accused. *Moses v. State*, 264 Ga. 313, 314 (1) (444 SE2d 767) (1994). Whether a custodial situation exists does not depend upon "the subjective views harbored by either the interrogating officers or the person being questioned." *Stansbury v. California*, 511 U. S. 318, 323 (II) (114 SC 1526, 128 LE2d 293) (1994). Thus, contrary to Hightower's assertion, it is not determinative that, at the time the officers questioned him, they may have held an undisclosed suspicion that he murdered Ms. Brown. *Hodges v. State*, 265 Ga. 870, 872 (2) (463 SE2d 16) (1995). "[T]he only relevant inquiry is how a reasonable man in the suspect's position would have understood his situation." *Berkemer v. McCarty*, 468 U. S. 420, 442 (III) (104 SC 3138, 82 LE2d 317) (1984). In determining whether an accused was in custody when he gave a statement, "a court must examine all of the circumstances surrounding the interrogation, but 'the ultimate inquiry is simply whether there (was) a "formal arrest or restraint on freedom of movement" of the degree associated with a formal arrest.' [Cit.]" *Stansbury v. California*, supra at 322 (II). "[S]ome suspects are free to come and go until the police decide to make an arrest." *Stansbury v. California*, supra at 325 (II). Thus, if a reasonable person in Hightower's position would have concluded that he was not under formal arrest and that his freedom was not restrained to the extent associated therewith, then there was no custodial situation triggering the mandate of *Miranda*.

The questioning took place at the police station. However, the officers did not demand that Hightower submit to interrogation at that or any other site. Instead, it is undisputed that he willingly responded to a request to come to the station, where he cooperated fully by responding to the officers' general questioning which was calculated to determine whether he was completely innocent, merely a potential witness or an actual suspect. *Hodges v. State*, supra at 873 (2); *Hardeman v. State*, 252 Ga. 286, 287 (1) (313 SE2d 95) (1984). There is no evidence that the officers placed any explicit or implicit limits on Hightower's right to terminate the questioning and to leave at any point that he wished. The lack of restraint on his movements while at the station was not an illusion, as the police in fact permitted him to depart after each session of interrogation. Under this evidence, we must affirm the trial court's finding that Hightower was not in custody for purposes of *Miranda*. *McAllister v. State*, 270 Ga. 224, 228 (1) (507 SE2d 448) (1998); *Hodges v. State*, supra at 872 (2). Therefore, admission of his non-custodial statements was proper.

Moreover, Hightower's statements were not inculpatory as to his commission of the murder. He consistently and repeatedly denied that he killed Ms. Brown, and provided an alternative exculpatory explanation for the presence of his fingerprints at the scene. Considering that Hightower made no admission or confession as to the actual murder and that the evidence of his guilt of that crime, including the DNA tests, was overwhelming, the admission of his statements would constitute harmless error, if error at all. See *McAllister v. State*, supra at 228 (1); *Johnson v. State*, 266 Ga. 775, 777 (5) (470 SE2d 637) (1996); *Strickland v. State*, 260 Ga. 28, 29 (2) (c) (389 SE2d 230) (1990).

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 31, 2000.

*Collier & Gamble, Wilbur T. Gamble III*, for appellant.
*Charles M. Ferguson, District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Wesley S. Wood, Assistant Attorney General,* for appellee.