## A03A0862. GARDNER v. THE STATE.
(582 SE2d 7)

JOHNSON, Presiding Judge.

A grand jury indicted Jerome Gardner for the offenses of aggravated assault, aggravated sodomy, rape, two counts of burglary of a dwelling, and three counts of armed robbery. The jury found him guilty of aggravated assault, both counts of burglary of a dwelling, and two counts of armed robbery. The jury found him not guilty of one count of armed robbery, and the jury was hung as to the aggravated sodomy and rape counts. Gardner appeals, alleging the trial court erred in allowing the state to introduce his custodial statement to police because he had not been read his *Miranda* rights. Although we find the trial court erred in admitting the statement, we find that the error was harmless because the record establishes beyond a reasonable doubt that it did not contribute to the guilty verdict.

The record shows that a detective secured an arrest warrant on Gardner regarding an unrelated case in Illinois. He served Gardner with the warrant and took him into custody. The detective asked Gardner if he knew why the police were there, and Gardner responded, "yes, the warrant out of Illinois." The detective then

stated, "we are also here about the women you have been robbing and raping here in North Fulton County." Gardner replied, "I don't know nothing about that." The detective then stated that he had four women who had picked Gardner out of a lineup, and he showed Gardner a picture of Gardner that he had received from Illinois. After seeing the picture, Gardner responded, "Well, that may be but I know you have no physical evidence." Gardner was then read his *Miranda* rights, at which time he indicated that he did not want to say anything else. The detective testified that although Gardner was a suspect in the Georgia cases, he was not placed under arrest for any Georgia case at this time.

Gardner contends the trial court erred in allowing the state to introduce the statement he made while he was in custody without being read his *Miranda* rights. The Fifth Amendment requires the exclusion of any statement made by an accused during custodial interrogation, unless he has been advised of his rights and has voluntarily waived those rights.[1] However, the need for *Miranda* warnings applies only to statements which result from in-custody interrogation of the accused.[2] Here, it is undisputed that Gardner was in custody on the Illinois warrant when he made the statement. What is in dispute is whether Gardner's statement regarding the lack of physical evidence in the Georgia cases was made in direct response to police interrogation or its functional equivalent or whether it was a statement freely and voluntarily given.

The term "interrogation" under *Miranda* refers not only to express questioning, but also to any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect.[3] In the present case, although the detective did not directly ask Gardner a question, his remarks to Gardner were not "normally attendant to arrest and custody," and he should have known that if he advised Gardner of the incriminating evidence against him, it was reasonably likely that Gardner's response would prove incriminating to some degree. The content and phrasing of the detective's statements appear designed to elicit a response which could scarcely have been more incriminating, since they tended to identify Gardner as the perpetrator of the offenses which the detective suspected Gardner committed.[4] This is not a case where the defendant's statement was an unforeseeable

---

[1] See *Franks v. State*, 268 Ga. 238, 239 (486 SE2d 594) (1997).

[2] See *Hightower v. State*, 272 Ga. 42, 43 (526 SE2d 836) (2000).

[3] See *Franks*, supra at 240; *Cottingham v. State*, 206 Ga. App. 197, 201 (4) (424 SE2d 794) (1992).

[4] See *Franks*, supra at 241-242.

result of the detective's action in responding to questions posed by the defendant.[5] Therefore, although we do not lightly substitute our judgment for that of the trial court, we conclude that the trial court's finding that Gardner was not interrogated is clearly erroneous.[6]

However, even though Gardner's response should have been excluded because the detective's statements constituted improper interrogation and the officer should have known they were likely to elicit an incriminating response, the admission of the response was harmless error under the circumstances of this case.[7] Both the alleged rape victim and the robbery victim positively identified Gardner in a lineup and in open court as the person who committed the crimes against them. In fact, the purported rape victim not only identified Gardner by his face in the physical lineup, but she also identified Gardner by his stomach and torso area when the suspects in the lineup were asked to lift their shirts. And the robbery victim identified Gardner by both his face and his voice. This eyewitness testimony was overwhelming evidence of Gardner's guilt of the crimes of which he was convicted. In addition, clothing and weapons matching the victims' descriptions were found in the apartment where Gardner was arrested. The error in admitting Gardner's custodial statement, although of constitutional dimension, was harmless because the record establishes beyond a reasonable doubt that it did not contribute to the guilty verdict.[8]

*Judgment affirmed. Eldridge and Mikell, JJ., concur.*

DECIDED APRIL 16, 2003.

*Brandon Lewis*, for appellant.
*Paul L. Howard, Jr., District Attorney, Amira A. Arshad, Assistant District Attorney*, for appellee.

---

[5] Compare *Walton v. State*, 267 Ga. 713, 717 (4) (482 SE2d 330) (1997).
[6] See *Franks*, supra.
[7] See *Mika v. State*, 256 Ga. App. 546, 547 (2) (568 SE2d 818) (2002).
[8] *Mika*, supra.