### S09A1073. BROWN v. THE STATE.

(683 SE2d 581)

HINES, Justice.

A jury found Andrew Kenyattie Brown guilty of felony murder and aggravated assault in connection with the fatal stabbing of his estranged wife, Kimberly James. Brown appeals his conviction for felony murder, challenging the Georgia "statutory homicide scheme" and the exclusion of certain expert testimony, and claiming that the cumulative effect of the alleged errors denied him a fair trial. For the reasons that follow, we affirm.[1]

The evidence construed in favor of the verdicts showed that Brown met James in the workplace in 2004, and the two began a romantic relationship. Brown moved in with James and her four children. The pair married in February of 2006; however, soon the relationship began to deteriorate, and the couple had repeated heated arguments. During one argument, Brown drew a knife on James, telling her that "he was going to kill her" and that "if he couldn't have her, nobody else will." Brown moved out of James's residence, but Brown continued to contact James and wanted to move back into her home. Brown telephoned James at her place of

---

[1] The stabbing occurred on August 28, 2006. On November 20, 2006, a DeKalb County grand jury indicted Brown for malice murder, felony murder while in the commission of aggravated assault, and aggravated assault. Brown was tried before a jury April 2-4, 2007, and was found guilty of felony murder and aggravated assault. The jury was unable to reach a verdict on the malice murder count, and an order of nolle prosequi on that charge was entered on April 13, 2007. On April 4, 2007, Brown was sentenced to life in prison for felony murder; the aggravated assault merged for the purpose of sentencing. A motion for new trial was filed on May 2, 2007, and an amended motion for new trial was filed on January 15, 2009. The motion for new trial, as amended, was denied on January 28, 2009. A notice of appeal was filed on February 26, 2009, and the case was docketed in this Court on March 20, 2009. The appeal was submitted for decision on May 11, 2009.

work numerous times each day. James attempted to avoid Brown's visits and telephone calls.

On the morning of August 28, 2006, James left a bus stop to walk to work. Brown had been waiting at the bus stop and approached James with a rose, a greeting card, and a knife. James told Brown that she wanted a divorce and that she was seeing someone else. Brown began to physically assault James and the two struggled, falling off the sidewalk and into a grassy ditch by the roadside. Brown stabbed James with the knife at least twelve times, penetrating her carotid artery on the left side; James died from a loss of blood from the stab wounds to her neck. A passing motorist witnessed Brown attacking James and telephoned 911. Brown saw the eyewitness and the eyewitness observed Brown "just walk away with a nonchalant attitude . . . there was no remorse."

At trial, Brown admitted that he stabbed James, stating that he did so "because she said she wanted a divorce. And, she said she was seeing somebody else." Brown stated that he "was angry and depressed and everything," "didn't want to lose [James]," and that he "wanted her back." On cross-examination, Brown testified that he tried to avoid stabbing his wife in the face, that he "was just trying to stab her in the neck, that's all." When asked about when he "snapped," Brown replied "I did not snap. I was angry. I didn't snap"; he reiterated that he chose where to stab the victim.

1. Initially, Brown asserts that the trial court erred in failing to declare the murder and voluntary manslaughter statutes, OCGA §§ 16-5-1 and 16-5-2, unconstitutional on several bases.[2] However, Brown first raised his constitutional challenge in his amended motion for new trial. A criminal defendant may not initiate a constitutional attack against a statute in a motion for a new trial because such a challenge must be made at the first opportunity, and it is too late to do so after a guilty verdict has been returned by the jury. *Perez-Castillo v. State*, 275 Ga. 124, 125 (562 SE2d 184) (2002). Consequently, this challenge must be deemed waived on appeal. Id.

2. Brown contends that the trial court denied him the right to present a defense by erroneously excluding "teaching" testimony by

---

[2] Brown urges that the statutes should have been found unconstitutional "on grounds of abridgment of the right to present a defense, which challenged the State statutory homicide scheme because of a mens rea gap between malice murder and felony murder and manslaughter." He bemoans that Georgia, unlike some other jurisdictions, does not designate by varying degrees homicides classified as murder, that "no middle ground exists" between murder and voluntary manslaughter, that the statutory affirmative defenses fail to "provide for a meaningful alternative sentencing range for homicides involving diminished capacity," and that "the current statutory scheme also violates constitutional protections against cruel and unusual punishment in that it requires a minimum of life imprisonment and permits the death penalty in cases that would otherwise be second-degree murder."

psychologist Webb, who performed an evaluation of Brown at Brown's request, regarding Brown's depression. Brown argues that his depression was clearly a factor in his actions, and that by preventing Webb from so testifying, the trial court effectively coerced Brown into testifying on his own behalf in order to address his "behavior and mens rea."

The admission or exclusion of expert testimony is a matter within the sound discretion of the trial court, and the trial court's determination will not be disturbed absent a clear abuse of that discretion. *Riley v. State*, 278 Ga. 677, 683 (4) (604 SE2d 488) (2004); *Johnson v. State*, 272 Ga. 254, 255 (526 SE2d 549) (2000). No such abuse of discretion can be shown by the exclusion of Webb's testimony.

Brown never raised the defenses of insanity, delusional compulsion or mental incompetency. In fact, Webb's written report, following the evaluation of Brown, stated that Brown was then competent to stand trial, that there was no evidence that Brown was not able to determine right from wrong at the time of the killing, and that there was no evidence that Brown was acting on the basis of a delusional compulsion. Indeed, as already noted, at trial, Brown adamantly denied that he had "snapped," and recounted how he tried to methodically inflict the victim's injuries. Brown sought to introduce evidence of his depression at the time of the attack as a circumstance for the jury to consider in deciding whether he had the intent to kill the victim. But, any depression suffered by Brown was not a legal defense to the murder; the expert evidence was irrelevant to the state of mind necessary to determine Brown's guilt in light of the absence of an insanity or other relevant mental health defense. *Paul v. State*, 274 Ga. 601, 603 (2) (555 SE2d 716) (2001); compare *Turpin v. Lipham*, 270 Ga. 208, 219 (510 SE2d 32) (1998) (expert assistance needed in penalty phase of death penalty trial for jury to understand effect mental problems might have had on defendant's commission of murder). Thus, the exclusion of Webb's testimony did not deny Brown the right to a defense nor compel him to take the stand in order to defend himself.

3. Brown urges that even if this Court concludes that each contended individual error enumerated above is insufficient to warrant reversal, the cumulative effect of the alleged errors amounts to a denial of due process. But, Brown has failed to demonstrate any error by the trial court. See Divisions 1 and 2, supra. Moreover, with regard to asserted errors by the trial court, a cumulative error rule is not applied. *Hargett v. State,* 285 Ga. 82, 88 (6) (674 SE2d 261) (2009).

4. The evidence was sufficient to enable a rational trier of fact to find Brown guilty beyond a reasonable doubt of the felony murder of

Kimberly James. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 28, 2009.

*Little & Crumly, Samuel F. Little, Jr.*, for appellant.

*Gwendolyn Keyes Fleming, District Attorney, Leonora Grant, Assistant District Attorney, Thurbert E. Baker, Attorney General, Christopher R. Johnson, Assistant Attorney General*, for appellee.