## S10A0068. McILWAIN v. THE STATE.

(694 SE2d 657)

CARLEY, Presiding Justice.

A jury found Marco Danyel McIlwain guilty of the felony murder of Jimmy Lee West, four counts of aggravated assault, and two counts of possession of a firearm during the commission of a felony. The trial court entered judgments of conviction on the guilty verdicts and sentenced McIlwain to life imprisonment for the murder, concurrent 20-year terms for the aggravated assault counts, and five-year terms for the weapons charges to run concurrent with each other but consecutive to the life sentence. A motion for new trial was denied, and McIlwain appeals.[*]

1. Construed most strongly in support of the verdicts, the evidence, including eyewitness testimony, shows that McIlwain and his co-indictees Joseph Smith and Keith Owens were in one vehicle following another vehicle driven by West and also occupied by his fiancée Natalie Owen. McIlwain and Owens fired a shotgun and a handgun several times at West and Ms. Owen, striking West in the head and causing his vehicle to crash. West died six days later as a result of that gunshot wound. One aggravated assault count of the indictment charged McIlwain and his co-indictees with assaulting West with a handgun. Another such count charged the assault of West with a shotgun. The remaining two aggravated assault counts charged the assault of Ms. Owen with a handgun and with a shotgun, respectively. The evidence was sufficient to enable a rational trier of fact to find McIlwain guilty beyond a reasonable doubt of the crimes for which he was convicted, either as the perpetrator or as a party to the crimes. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See also *Mobley v. State*, 264 Ga. 854, 855 (1) (452 SE2d 500) (1995).

---

[*] The crimes occurred on February 5, 2007, and the grand jury returned an indictment on October 10, 2007. The jury found McIlwain guilty on March 7, 2008, and the trial court entered the judgments of conviction and sentences on April 24, 2008. The motion for new trial was filed prematurely on March 14, 2008, amended on January 21, 2009, and denied on August 4, 2009. McIlwain filed the notice of appeal on August 14, 2009. The case was docketed in this Court on September 10, 2009, and submitted for decision on the briefs.

However, the underlying felony upon which the felony murder charge was predicated was aggravated assault by shooting West. Thus, one of the separate counts of aggravated assault against West must merge into the felony murder conviction and be vacated. *Bolston v. State*, 282 Ga. 400, 401 (2) (651 SE2d 19) (2007); *Wyman v. State*, 278 Ga. 339 (1) (602 SE2d 619) (2004); *McClellan v. State*, 274 Ga. 819, 821 (1) (b), fn. 2 (561 SE2d 82) (2002). Accordingly, the case is remanded for resentencing. *McClellan v. State*, supra at 820 (1) (a). We note that it appears to be immaterial which of those two counts will be vacated because it is used to support the felony murder conviction.

2. Without citing any legal authority, McIlwain contends that the trial court erred in overruling his hearsay objection to Ms. Owen's testimony that West told her about his desire for a restraining order against McIlwain and about a prior difficulty with McIlwain and Smith earlier on the day of the shooting. The State based its proffer of this testimony on the necessity exception to the hearsay rule. McIlwain fails to make argument regarding any element of that exception, and he has not suggested that his rights under the Confrontation Clause were violated. However, it appears that the declarant was unavailable due to his murder, that the statements were relevant to material facts and more probative thereof than other available evidence, and that the statements had particular guarantees of trustworthiness because West and Ms. Owen had been living together for over a year and had a very close relationship. *Lyons v. State*, 282 Ga. 588, 594 (4) (652 SE2d 525) (2007), overruled on other grounds, *Garza v. State*, 284 Ga. 696, 701-702 (1) (670 SE2d 73) (2008). Moreover, in light of the overwhelming evidence of McIlwain's involvement in the crimes, "it is highly probable that the admission of the contested testimony did not contribute to the verdicts; therefore, any error in admitting the statements was not harmful. [Cit.]" *Lyons v. State*, supra at 594-595 (4).

3. Again without citing any legal authority or arguing the inapplicability of hearsay exceptions, McIlwain urges that the trial court erroneously overruled hearsay objections to the testimony of Smith's girlfriend that he told her by phone that McIlwain was shooting at West and to testimony of the responding police officer and another person that Ms. Owen, right after the shooting while she was upset and crying, identified McIlwain as the shooter.

"Declarations accompanying an act, or so nearly connected therewith in time as to be free from all suspicion of device or afterthought, shall be admissible in evidence as part of the res gestae." OCGA § 24-3-3. Statements which "were made during the commission of the [crime] . . . [are] admissible because '(t)he [S]tate is entitled to present evidence of the entire res gestae of the crime.'

[Cit.]" *Wilson v. State*, 258 Ga. App. 166, 168 (2) (573 SE2d 432) (2002). Furthermore,

> [i]ncluded in the res gestae exception is an exception for excited utterances. [Cit.] . . . Testimony "that the declarant appeared nervous and upset, combined with a reasonable basis for emotional upset, will usually suffice for admission under the excited utterance exception." [Cit.]

*Daniel v. State*, 285 Ga. 406, 410 (6) (677 SE2d 120) (2009).

> Pretermitting whether the testimony at issue was . . . hearsay, since both of the declarants testified at trial and were subject to questioning by the defense, the declarants made the statements at issue either during the shooting or immediately thereafter when . . . crying and [upset] . . . . Thus, they were admissible as part of the res gestae of the crime. [Cits.]

*Jacobs v. State*, 299 Ga. App. 368, 377 (2) (g) (683 SE2d 64) (2009).

4. McIlwain also contends that the cumulative effect of the trial court's denial of four separate motions for mistrial violated his right to a fair trial. However, he again fails to cite any legal authority in support of this contention, and we have found none. "[W]ith regard to asserted errors by the trial court, a cumulative error rule is not applied. [Cit.]" *Brown v. State*, 285 Ga. 772, 774 (3) (683 SE2d 581) (2009). " 'Because this state does not recognize the concept of cumulative error, it is incumbent upon the defendant to show error with regard to each point he raises.' " *Brinson v. State*, 243 Ga. App. 50, 52 (3) (530 SE2d 798) (2000). Thus, this enumeration "raises nothing for appellate review." *Curtis v. State*, 182 Ga. App. 899, 901 (3) (357 SE2d 602) (1987). Moreover, we note that the motions for mistrial were based upon the admission of allegedly improper character evidence consisting of pre-trial statements by McIlwain which were ambiguous and which indicated, at most, that he had previously been in some trouble, and not that he had committed a crime. See *Hayes v. State*, 275 Ga. 173, 176 (4) (562 SE2d 498) (2002); *Holmes v. State*, 272 Ga. 517, 518 (3) (529 SE2d 879) (2000); *Waugh v. State*, 263 Ga. 692, 693-694 (3) (437 SE2d 297) (1993).

5. McIlwain asserts that his trial counsel rendered ineffective assistance, as she did not interview McIlwain's brother and call him as an alibi witness at trial, nor did she obtain McIlwain's cell phone records in an attempt to locate another alibi witness whose full name was unknown.

In order to prevail on a claim of ineffective assistance of counsel

under *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984),

> a criminal defendant must show that counsel's performance was deficient and that the deficient performance so prejudiced the client that there is a reasonable probability, i.e., a probability sufficient to undermine confidence in the outcome, that but for counsel's unprofessional errors the result of the proceeding would have been different. [Cits.]

*Woods v. State*, 275 Ga. 844, 846 (3) (573 SE2d 394) (2002). " ' ' "On appeal, this Court accepts the trial court's findings of fact, unless they are clearly erroneous. However, the trial court's legal conclusions are reviewed de novo. (Cit.)" (Cit.)' [Cit.]" *Wilson v. State*, 286 Ga. 141, 143 (3) (686 SE2d 104) (2009).

At the hearing on the motion for new trial, trial counsel testified that McIlwain never mentioned his brother, that she tried to identify the other alleged alibi witness but discovered that the relevant phone records were destroyed after six months, and that McIlwain's family was uncooperative, although his mother eventually agreed to testify as an alibi witness. McIlwain's attorney could not be ineffective for failing to interview and call a potential alibi witness of whom she was not informed, and "the trial court was authorized to credit counsel's testimony regarding the alibi witnesses whose names [s]he was given. [Cit.]" *Woods v. State*, supra at 847 (3) (a). As for the alibi witness whose full name was unknown, McIlwain failed to inform his attorney that he had talked to the witness by cell phone until after the relevant phone records had been destroyed. See *Marshall v. State*, 285 Ga. 351, 353 (4) (a) (676 SE2d 201) (2009). "[T]rial counsel cannot be held ineffective for failing to track down [a] witness whose whereabouts is unknown." *Woods v. State*, supra.

Moreover, neither alleged alibi witness testified at the hearing on the motion for new trial. McIlwain "thus did not show that the testimony of these witnesses would have been relevant and favorable. [Cit.] . . . Applying the *Strickland* standard, we conclude that trial counsel's performance was not constitutionally flawed." *Woods v. State*, supra at 847-848 (3) (a).

*Judgments affirmed in part and vacated in part and case remanded with direction. All the Justices concur.*

DECIDED APRIL 19, 2010.

*Robert Greenwald*, for appellant.

*Daniel J. Porter, District Attorney, Nigel R. Lush, Assistant District Attorney, Thurbert E. Baker, Attorney General,* for appellee.