295 Ga. 84
FINAL COPY

S14A0100.  WILSON v. THE STATE.

NAHMIAS, Justice.

Roland Wilson appeals his conviction for felony murder resulting from the beating death of William Okafor.  Appellant challenges the sufficiency of the evidence supporting his conviction, the trial court's admission of hearsay evidence, and the court's refusal to grant a mistrial when the prosecutor made improper comments in closing argument.  For the reasons discussed below, we affirm.[1]

1.    (a)    Viewed in the light most favorable to the verdict, the evidence presented at trial showed the following.  On the evening of July 26, 2009, Okafor had his half-sister, Saronda Reid, and her daughters over for a family barbeque at the house he shared with his mother, Carletta Sharp (Mrs. Sharp), and stepfather, Eddie Sharp (Mr. Sharp).  Shortly after Reid left, Mrs. Sharp

---

[1] On September 25, 2009, Appellant was indicted in Newton County for two counts of felony murder, aggravated battery, and aggravated assault.  After a trial on March 19-21, 2012, the jury found Appellant guilty of all charges.  The trial court sentenced him to serve life in prison for felony murder; the remaining verdicts merged.  On April 10, 2012, Appellant filed a motion for new trial, which he amended on March 12, 2013.  The trial court denied the motion on July 16, 2013.  Appellant filed a timely notice of appeal, and the case was docketed in this Court for the January 2014 term and submitted for decision on the briefs.

heard a knock on the door; it was Appellant and three other men. Mrs. Sharp recognized Appellant because he had worked for her since 2008 and was a close family friend who would frequently come to her home for dinner. Appellant had come to talk to Okafor about a video game system that he believed Okafor had stolen from him. Okafor went outside to talk with Appellant and the other men, and Mrs. Sharp watched through a window as Appellant picked up a brick and hit her son in the back of his head so hard that the brick broke in half. Appellant then jumped in a car with the other men and fled. Okafor was taken to a hospital, where he was diagnosed with a serious closed head injury; he died five days later. The medical examiner determined that the cause of death was blunt impact head trauma.

At trial, Mrs. Sharp identified Appellant as the man who hit Okafor with the brick. Mr. Sharp had died before the trial, but Reid testified that minutes after she left the barbeque at her parents' house, her father called her and said that she needed to come back because "they just beat Willie . . . It was Roland and them." Mr. Sharp then explained that he had seen Appellant grab a brick, pick it up, and hit Okafor. In addition, Walter McFalls testified that, during a card game when they were in jail together, Appellant admitted hitting Okafor in

the head with a brick while bragging about how he would get away with the crime.

(b)    Appellant argues that the State's witnesses were unreliable and inconsistent, and notes his own testimony that, although he had a physical altercation with Okafor outside the house, Alfred Bryant was the man who hit the victim in the head with a brick.  However, "'[i]t was for the jury to determine the credibility of the witnesses and to resolve any conflicts or inconsistencies in the evidence.'" Vega v. State, 285 Ga. 32, 33 (673 SE2d 223) (2009) (citation omitted).  Likewise, it was for the jury to decide whether the defense theory that Bryant was the killer was reasonable and not excluded by the other evidence, much of which was direct rather than circumstantial evidence. See Brown v. State, 291 Ga. 892, 895 (734 SE2d 23) (2012); former OCGA § 24-4-6 ("To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused.").[2]  The evidence presented at trial and summarized above was sufficient to authorize a

---

[2]  This case was tried under Georgia's old Evidence Code, which included OCGA § 24-4-6. Under the new Evidence Code, which took effect on January 1, 2013, OCGA § 24-4-6 has been renumbered as OCGA § 24-14-6.

rational jury to find Appellant guilty beyond a reasonable doubt of felony murder.  See Jackson v. Virginia, 443 U. S. 307, 319 (99 SCt 2781, 61 LE2d 560) (1979).

2.    Appellant contends that the trial court erred when it allowed Saronda Reid to testify over objection about Mr. Sharp's out-of-court statements under the necessity exception to the rule against hearsay.  See Mathis v. State, 291 Ga. 268, 270-271 (728 SE2d 661) (2012); former OCGA § 24-3-1 (b) ("Hearsay evidence is admitted only in specified cases from necessity.").[3]  To invoke the necessity exception, the proponent of the hearsay was required to show (1) a necessity for the evidence, (2) a circumstantial guaranty of the

---

[3] Under the new Evidence Code, the "necessity exception" is now the "residual exception" in OCGA § 24-8-807, which says:

A statement not specifically covered by any law but having equivalent circumstantial guarantees of trustworthiness shall not be excluded by the hearsay rule, if the court determines that:

    (1)    The statement is offered as evidence of a material fact;

    (2)    The statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and

    (3)    The general purposes of the rules of evidence and the interests of justice will best be served by admission of the statement into evidence.

However, a statement may not be admitted under this Code section unless the proponent of it makes known to the adverse party, sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it, the proponent's intention to offer the statement and the particulars of it, including the name and address of the declarant.

4

statement's trustworthiness, and (3) that the hearsay statement is "more probative and revealing than other available evidence." Mathis, 291 Ga. at 270-271 (citation and punctuation omitted).[4]

Because Mr. Sharp died before the trial and was thus unavailable to testify, the first element of this test was satisfied. See Mathis, 291 Ga. at 271. Regarding the second element, "a statement is trustworthy when made to someone with whom the declarant enjoys a close personal relationship." Id. In this case, the declarant was Reid's father, and she testified that they spoke daily about family matters and confidential subjects, so the second element was also satisfied. See id. As to the third element, however, Mr. Sharp's out-of-court statements identifying Appellant as the man who beat his stepson do not appear to be the most probative evidence available to establish Appellant's identity as the killer, because Mrs. Sharp testified directly to that same fact. See Willis v. State, 274 Ga. 699, 700 (558 SE2d 393) (2002).

But even if Mr. Sharp's statements to Reid should not have been admitted

---

[4] Appellant also contends the admission of Mr. Sharp's statements to his daughter violated the Confrontation Clause. See U.S. Const. amend. VI. The trial court properly concluded, however, that a conversation between family members with no expectation that it would be used at a criminal trial was clearly not testimonial and therefore did not implicate the Sixth Amendment. See Crawford v. Washington, 541 U. S. 36, 51 (124 SCt 1354, 158 LE2d 177) (2004); McNaughton v. State, 290 Ga. 894, 897 (725 SE2d 590) (2012).

for this reason, and pretermitting whether any such error would be harmless because Mr. Sharp's statements were cumulative of Mrs. Sharp's testimony, see Johnson v. State, 293 Ga. 641, 643 (748 SE2d 896) (2013), the record shows that his statements were admissible. When he spoke to Reid just minutes after his stepson had been brutally attacked to recount what had happened, Mr. Sharp was "screaming," "upset," and "very emotional." His statements to Reid were therefore properly admissible under the hearsay exception for excited utterances. See former OCGA § 24-3-3 ("Declarations accompanying an act, or so nearly connected therewith in time as to be free from all suspicion of device or afterthought, shall be admissible in evidence as part of the res gestae."); Daniel v. State, 285 Ga. 406, 410-411 (677 SE2d 120) (2009) ("Testimony 'that the declarant appeared nervous and upset, combined with a reasonable basis for emotional upset, will usually suffice for admission under the excited utterance exception.'" (citation omitted)). See also McIlwain v. State, 287 Ga. 115, 116-117 (694 SE2d 657) (2010).[5] Accordingly, the admission of Mr. Sharp's

---

[5] In the new Evidence Code, the admission of excited utterances is governed by OCGA § 24-8-803 (2), which defines an "excited utterance" as "[a] statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition."

statements to Reid was not reversible error.

3.     Appellant also contends that the trial court erred when it denied his motion for a mistrial after the prosecutor said in closing argument that Appellant's failure to contact the police after the attack was evidence of his guilt.  We agree that the prosecutor's comments were clearly improper under Mallory v. State, 261 Ga. 625, 629-630 (409 SE2d 839) (1991).[6]  However, the trial court took appropriate corrective measures including giving the jury a strong and detailed curative instruction that was drafted by Appellant's trial counsel and that included a rebuke of the prosecutor.[7]     Under these

---

[6] Mallory was overruled on other grounds in Clark v. State, 271 Ga. 6, 9-10 (515 SE2d 155) (1999).  We note that Mallory was decided not on constitutional grounds but rather based on former OCGA § 24-3-36.  See Mallory, 261 Ga. at 630.  We express no opinion about the continuing validity of Mallory under the new Evidence Code.  See Romer v. State, 293 Ga. 339, 342-343 & n. 4 (745 SE2d 637) (2013).

[7] The curative instruction was as follows:
        The assistant district attorney made improper comments during closing arguments in regard to the defendant.  You are to totally disregard and not consider those statements in any form or fashion in this respect:
        During the course of the state's argument, the state's attorney, Ms. Kurtz, made several improper comments regarding the failure of the defendant to contact law enforcement officials regarding this incident.  The defendant is never under any obligation whatsoever to contact law enforcement regarding a pending incident or investigation.
        You are not to consider the arguments made by Ms. Kurtz for any purpose whatsoever in regard to those comments.  It was legally improper for Ms. Kurtz to make the argument or make any comment whatsoever regarding the defendant's failure to contact law enforcement officials, and there has not been any evidence presented in this case regarding defendant's cooperation or lack of cooperation in the investigation.

7

circumstances, the trial court did not abuse its discretion in declining to grant a mistrial. See Lewis v. State, 279 Ga. 69, 74-75 (608 SE2d 602) (2005); Heard v. State, 291 Ga. App. 550, 553-554 (662 SE2d 310) (2008). "Whether to declare a mistrial is a question committed to the discretion of the trial judge, and the denial of a mistrial is reversible error only if it appears that 'a mistrial (was) essential to preserve the defendant's right to a fair trial.'" McKibbins v. State, 293 Ga. 843, 848 (750 SE2d 314) (2013) (citation omitted). And "when the trial court not only instruct(s) the jury not to consider such argument(s), but also rebuke(s) counsel, there generally is no abuse of discretion." Id. at 850 (citation and punctuation omitted).

Judgment affirmed. All the Justices concur.

Decided April 22, 2014.

Murder. Newton Superior Court. Before Judge Benton.

Anthony S. Carter, for appellant.

Layla H. Zon, District Attorney, Melanie M. Bell, Jillilan R. Hall, Assistant District Attorneys, Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, for appellee.