**THIRD DIVISION**
**ELLINGTON, P. J.,**
**BETHEL and GOBEIL, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**August 29, 2018**

# In the Court of Appeals of Georgia

A18A1393. MCKISSIC v. THE STATE.

BETHEL, Judge.

Carlton Steve McKissic appeals the denial of his motion for a new trial following his conviction for one count of aggravated child molestation, one count of aggravated sodomy, three counts of child molestation, and three counts of furnishing alcohol to a minor. In his appeal, McKissic argues that he received ineffective assistance at trial when his counsel failed to object to a statement made by his wife. McKissic also argues that the trial court erred in denying his motion for a mistrial following the State's comment in closing about his "pre-arrest silence." Because we do not find reversible error, we affirm McKissic's convictions.

"On appeal, the defendant is no longer presumed innocent and all of the evidence is to be viewed in the light most favorable to the jury verdict." *Tezeno v.*

*State*, 343 Ga. App. 623, 624 (808 SE2d 64) (2017) (citation omitted). So viewed, the evidence shows that McKissic's stepdaughter and two other female children spent the night at McKissic's house. During the sleep-over, McKissic gave the children beer and invited them to watch a movie in his and his wife's bedroom. When the girls fell asleep, McKissic molested and anally sodomized one of the girls, K. E., and molested the other two children, as well. The next day, K. E. told one of the girls' mother of McKissic's attack. McKissic was arrested, tried, and ultimately convicted of one count of aggravated child molestation, one count of aggravated sodomy, three counts of child molestation, and three counts of furnishing alcohol to a minor. McKissic filed a motion for a new trial, which was denied, and this appeal followed.

1. McKissic first argues that trial counsel was ineffective for failing to object to certain testimony of his wife on the grounds that it improperly bolstered the credibility of one of the child victims. We disagree that trial counsel's failure to object established a claim of ineffective assistance.

"To succeed on an ineffective assistance claim, a criminal defendant must demonstrate both that his trial counsel's performance was deficient and that there is a reasonable probability that the trial result would have been different if not for the deficient performance." *Tiller v. State*, 314 Ga. App. 472, 476 (4) (724 SE2d 397)

2

(2012) (citation omitted). "Failure to satisfy either component of this test is fatal to an ineffectiveness claim. Moreover, the court need not address both components if the defendant has made an insufficient showing on one of them." *Brown v. State*, 309 Ga. App. 511, 517-518 (4) (710 SE2d 674) (2011) (footnotes omitted). "When reviewing an ineffective assistance claim, we accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts." *Tiller*, 314 Ga. App. at 476 (4) (citation omitted).

On direct examination, the State asked McKissic's wife about when she first learned of the allegations against her husband. She testified that she did not learn of the events until the mother of one of the victims returned to her house to confront her. The exchange continued:

State: None of the kids told you what happened? Wife: No. Afterwards.

State: Afterwards they did?

Wife: Yes. And we went to pick up . . . [my nephew] from school and before we went and picked up [my nephew], we . . . stopped by Illges Road at an apartment and I talked to the little girl [K. E.]. And I asked her, I said: Did he mess with you. She said yes. And I said: I believe you.

At the hearing on McKissic's motion for a new trial, his trial counsel testified that she "should have objected to that, I think . . . . I must have missed it because the issue of credibility is solely for the jury . . . . You know, to say I believe this person is essentially adding, bolstering the credibility of the witness. As soon as I read it, I saw it." Trial counsel further testified that she was not operating under any trial strategy when she failed to make this objection. McKissic argues this failure to object by his trial counsel was deficient and prejudiced him because there was no physical or medical evidence supporting the testimony of the victims, and thus the evidence of his guilt was not overwhelming.

"We have repeatedly held that a witness, even an expert, can never bolster the credibility of another witness as to whether the witness is telling the truth. Credibility of a witness is not beyond the ken of the jurors but, to the contrary, is a matter solely within the province of a jury." *Mann v. State*, 252 Ga. App. 70, 72 (1) (555 SE2d 527) (2001) (citations omitted).

Assuming without deciding that trial counsel's failure to object to the wife's testimony constituted deficient performance, McKissic fails to establish the second prong of the analysis. That is, McKissic failed to show that there was a reasonable

4

probability, or a probability that undermines confidence in the outcome of the case, that but for the deficiency, the result would have been different. *See id.* at 73.

Here, the remark by McKissic's wife "was not so significant that there was a reasonable probability that the outcome of the trial would have been different if counsel had objected or moved to strike. The improper testimony consisted of a single, unresponsive remark during the course of a trial with several witnesses." *Alford v. State*, 320 Ga. App. 523, 529 (3) (738 SE2d 124) (2013). Moreover, K. E.'s account of the sexual abuse remained consistent, and McKissic had a full opportunity to test her credibility during cross-examination. Additionally, the other children testified to similar incidents of sexual abuse. Under these circumstances, McKissic cannot establish prejudice resulting from his wife's remark. *See Alford*, 320 Ga. App. at 529. It follows that the trial court did not err in denying McKissic's motion for a new trial on this ground.

2. McKissic next argues that the trial court erred in not sustaining his objection and in not granting his motion for a mistrial based on a statement made by the State during closing. More specifically, during closing, the State recounted testimony that following the assault on the children, McKissic left the house to go to the home of a

friend. While at that friend's home, McKissic was informed of the girls' outcry. The State commented in its closing that McKissic

> made one phone call and he left again on foot. What's that all about? And the one phone call he makes is to [his wife]. What's that all about. This is about the same time that the police and the ambulance are at the McKissic household. Where is Carlton at? He has to know the police and the ambulance are there if he talked on the phone with [his wife] so why didn't he show up.

McKissic objected and moved for a mistrial, arguing that the State had improperly commented on McKissic's failure to turn himself in despite his knowledge of the investigation, which was akin to a comment upon his pre-arrest silence. The trial court overruled the objection and denied the motion for a mistrial.

"Whether to declare a mistrial is a question committed to the discretion of the trial judge, and the denial of a mistrial is reversible error only if it appears that a mistrial was essential to preserve the defendant's right to a fair trial." *Wilson v. State*, 295 Ga. 84, 88 (3) (757 SE2d 825) (2014) (citation and punctuation omitted).

In arguing that a mistrial should have been granted, McKissic relies on *Mallory v. State*, 261 Ga. 625 (409 SE2d 839) (1991), overruled on other grounds as recognized in *Clark v. State*, 271 Ga. 6, 10 (515 SE2d 155) (1999). *Mallory* cited a

6

former rule of evidence[1] and held that, in criminal cases, the State could not comment upon a defendant's silence or failure to come forward "even where the defendant has not received *Miranda* warnings and where he takes the stand in his own defense." 261 Ga. at 630 (5).

However, *Mallory*[2] is distinguishable because it analyzed impeachment of a defendant by the use of a defendant's failure to contact police prior to an arrest. In this case, McKissic did not take the stand in his own defense, and was not, therefore, improperly confronted with his pre-arrest silence and failure to come forward after alleging learning of the police investigation against him. Accordingly, we do not find

---

[1] Former OCGA § 24-3-36 provided that "[a]cquiescence or silence, when the circumstances require an answer, a denial, or other conduct, may amount to an admission." The new Code redefines admissions in OCGA § 24-8-801 (d) (2).

[2] The Supreme Court of Georgia has repeatedly declined to clarify whether *Mallory* remains binding following implementation of the new Evidence Code. *See, e.g., Goodrum v. State*, 303 Ga. App. 414, 418 (III) n.2(812 SE2d 220) (2018); *Dublin v. State*, 302 Ga. 60, 65 (3) (805 SE2d 27) (2017); *Kennebrew v. State*, 299 Ga. 864, 872 n.4 (792 SE2d 695) (2016); *Hernandez v. State*, 299 Ga. 796, 800 (4) n.3 (792 SE2d 373) (2016); *Seabolt v. Norris*, 298 Ga. 583, 587 (3) n.3 (783 SE2d 913) (2016); *State v. Sims*, 296 Ga. 465, 471 (3) (769 SE2d 62) (2015); *Wilson v. State*, 295 Ga. 84, 88 (3) n.6 (757 SE2d 825) (2014); *Romer v. State*, 293 Ga. 339, 343 (2) n.4 (745 SE2d 637) (2013); *Yancey v. State*, 292 Ga. 812, 817 (2) n.9 (740 SE2d 628) (2013).

*Mallory* dispositive. *See Edwards v. State*, 219 Ga. App. 239, 242 (2) (a) (464 SE2d 851) (1995). Though ill-advised, the comments of the prosecutor did not jeopardize McKissic's right to a fair trial. This enumeration fails.

*Judgment affirmed. Gobeil, J., concurs fully in division one and specially in division two. Ellington, P. J., concurs in judgment only.\**

**\* THIS OPINION IS PHYSICAL PRECEDENT ONLY. COURT OF APPEALS RULE 33.2 (a)**

A18A1393.  MCKISSIC v. THE STATE.

GOBEIL, Judge, concurring fully and specially.

While I concur fully with Division 1 of the majority opinion, I specially concur with Division 2.  At issue is whether the trial court erred in failing to grant a mistrial for the State's improper closing comments.  Like the majority, I agree the trial court did not err in denying McKissic's motion for a mistrial.  However, my rationale for so holding slightly differs.

In *Wilson v. State*, 295 Ga. 84 (757 SE2d 825) (2014), the defendant appealed his conviction for felony murder in the beating death of William Okafor, arguing in pertinent part that the trial court erred in refusing to grant his motion for mistrial after the prosecutor's improper closing comments.  In closing argument, the prosecutor in that case said the "[defendant's] failure to contact the police after the attack was evidence of his guilt."  Id at 87.  The Georgia Supreme Court agreed the comments

were improper under *Mallory v. State*, 261 Ga. 625 (409 SE2d 839) (1991), overruled on other grounds by *Clark v. State*, 271 Ga. 6, 10 (5) (515 SE2d 155) (1999), but nonetheless found the trial court did not abuse its discretion in refusing to grant a mistrial. In so holding, the Court focused on the standard of review giving wide discretion to the trial court. Further, the Court found that the trial court's rebuke of counsel and corrective jury instructions sufficed to preserve the defendant's right to a fair trial. *Wilson* at 84.

Similar to *Wilson*, the prosecutor in this case made comments during closing argument that McKissic argues constituted an improper statement on his pre-arrest silence. As the Georgia Supreme Court affirmed in *Wilson*, "[w]hether to declare a mistrial is a question committed to the discretion of the trial judge, and the denial of a mistrial is a reversible error only if it appears that a mistrial was essential to preserve the defendant's right to a fair trial." *Wilson* at 88 (citation omitted).

Given the overall evidence and facts in this case, I find the trial court did not abuse its discretion. In denying McKissic's motion for mistrial, the court stated, "I deny your motion. Again, the jury will recall what the evidence was." The prosecutor immediately responded, "And remember, anything that comes out of my mouth is not evidence. Anything that comes out of Ms. King's mouth is not

2

evidence." Like the trial court in *Wilson*, the trial court in this case appropriately instructed the jury on what it could consider. For instance, the court charged the jury to consider the case based on evidence and highlighted that evidence does not include the opening or closing remarks of the attorneys. While there was not a specific rebuke as in *Wilson*, the jury charge and record clarified what the jury appropriately could – and could not – consider. Finally, while not determinative, it is notable that the prosecutor in this case used rhetorical questions – which, though troubling in their implications, seem less egregious than the direct assertion in *Wilson*. Given these facts, it does not appear "that a mistrial was essential to preserve the defendant's right to a fair trial" and hence the trial court did not err in denying the motion for mistrial. *Wilson* at 88 (citation omitted)