S04A1687. RANKIN v. THE STATE.
(606 SE2d 269)

HUNSTEIN, Justice.

Mary Belle Rankin was convicted of felony murder and aggravated assault of her husband, Willie Rankin. She appeals from the denial of her motion for new trial,[1] contending in her sole enumeration that the evidence was insufficient to support the verdict. The jury was authorized to find that after appellant and the victim exchanged blows while in Brown's car, appellant (the driver of the car) pulled into a shallow parking lot adjacent to a church. Brown and the victim exited the car. The victim began hitting at appellant through the window and before Brown could get her out of his car, appellant drove away, striking the church building and another vehicle. Shortly thereafter appellant returned in the car with three passengers, a woman and two men. She dropped off her passengers after telling the two men "there he is." One eyewitness then saw appellant strike the victim with the front of the car, back up striking him again with the

---

[9] The record does not support appellant's claim that counsel prevented him from testifying.

[1] The crimes occurred on May 18, 2001. Rankin was indicted September 25, 2001 in Bibb County on charges of murder (by striking the victim with a car) and aggravated assault (by hitting and kicking the victim). On November 27, 2001 she was found guilty of both charges and was sentenced to life imprisonment for the murder and 20 years to run concurrently for the aggravated assault. The verdict was filed November 30, 2001 and the sentence was filed December 3, 2001. Rankin's motion for new trial, filed November 30, 2001, was denied January 13, 2004. A notice of appeal was filed January 22, 2004. The appeal was docketed June 17, 2004 and was submitted for decision on the briefs.

rear of the car, and drive off. Other witnesses saw the two men beating and stomping the victim; the pastor at the church testified that the victim was already on the ground when the two men began their assault. The medical examiner testified that the victim died from blunt force head trauma consistent with being struck by a vehicle and that the force of the fatal blow would most likely have left the victim unconscious or unable to walk around.

Appellant testified at trial that although she drove near her husband, she never hit him with the car and that he was walking away when her son and her daughter's boyfriend attacked him without any encouragement from her.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict and an appellant no longer enjoys the presumption of innocence. This Court determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), and does not weigh the evidence or determine witness credibility. *Al-Amin v. State*, 278 Ga. 74 (1) (597 SE2d 332) (2004). Any conflicts or inconsistencies in the evidence are for the jury to resolve. *Mickens v. State*, 277 Ga. 627, 629 (593 SE2d 350) (2004). As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, we must uphold the jury's verdict. *Miller v. State*, 273 Ga. 831, 832 (546 SE2d 524) (2001). Based upon our careful review of the trial transcript, we conclude that the evidence adduced was sufficient to enable a rational trier of fact to find appellant guilty beyond a reasonable doubt of felony murder and aggravated assault. *Jackson v. Virginia*, supra.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 22, 2004.

*Renate D. Moody*, for appellant.

*Howard Z. Simms, District Attorney, Dorothy V. Hull, Assistant District Attorney, Thurbert E. Baker, Attorney General, Robin J. Leigh, Assistant Attorney General*, for appellee.