A09A0565. MOE v. THE STATE.
(676 SE2d 887)

ELLINGTON, Judge.

A Bartow County jury found Neil Moe guilty beyond a reasonable doubt of aggravated child molestation, OCGA § 16-6-4 (c); and

---

three counts of child molestation, OCGA § 16-6-4 (a). Following the denial of his motion for a new trial, Moe appeals, challenging the sufficiency of the evidence and claiming that he received ineffective assistance of counsel. Finding no error, we affirm.

1. In challenging the sufficiency of the evidence, Moe contends that the testimony of the victim and of an eyewitness was inconclusive and contradictory. Moe also contends that the physical evidence was inconclusive. On appeal from a criminal conviction, however, the appellate court

> view[s] the evidence in the light most favorable to the verdict and an appellant no longer enjoys the presumption of innocence. [The appellate court] determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), and does not weigh the evidence or determine witness credibility. Any conflicts or inconsistencies in the evidence are for the jury to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, [the appellate court] must uphold the jury's verdict.

(Citations omitted.) *Rankin v. State*, 278 Ga. 704, 705 (606 SE2d 269) (2004). After thoroughly reviewing the record, we conclude that the evidence authorized the jury to find Moe guilty beyond a reasonable doubt of aggravated child molestation and child molestation, as alleged in the indictment. *Ferrell v. State*, 256 Ga. App. 692, 694 (1) (569 SE2d 899) (2002). Specifically, the testimony of the 13-year-old victim provided evidence that, beginning on November 19, 2003, she was with Moe for a day and a night, partly in the hotel room he shared with another man, and that Moe repeatedly injected her with methamphetamine and engaged in a series of sexual acts with her, including showing her a pornographic videotape, fondling her breasts, licking her genital area, and having intercourse with her. In addition, Moe's roommate testified that he was with Moe and the victim in the hotel room and saw the victim performing oral sex on Moe.

It is true, as Moe contends, that the victim's testimony failed to account for all of the two-day period she was absent from home and was vague as to some of the places they went together. Furthermore, a doctor examined the victim two days after the alleged molestation and found no evidence of vaginal trauma, and no semen was found in the victim's vagina, on her skin, on her clothes, or in Moe's hotel room. While such evidence may have corroborated the victim's testimony, there is no requirement that the testimony of a victim of

child molestation be corroborated. *Ferrell v. State*, 256 Ga. App. at 694 (1). It was the jury's role to weigh the evidence that was presented, in light of any gaps or inconsistencies in the evidence. *Rankin v. State*, 278 Ga. at 705. Because Moe's arguments go to the weight, rather than to the sufficiency, of the evidence, he presents no basis for reversing his convictions. Id.

2. Moe contends his trial counsel provided ineffective assistance. Specifically, Moe contends his counsel should have requested a continuance of the trial after the eyewitness, whose whereabouts had been unknown in the 18 months before trial, suddenly reappeared on the eve of trial.

> To show ineffective assistance of counsel, a defendant must show that his trial counsel's performance fell below an objective standard of reasonableness and that the deficient performance prejudiced the defense. There is a strong presumption that trial counsel provided effective representation and, generally, matters of reasonable trial strategy do not amount to ineffective assistance of counsel. A trial court's findings of fact on a claim of ineffective assistance of counsel should be upheld, unless they are clearly erroneous. A reviewing court weighs the effectiveness of trial counsel's performance from counsel's perspective at the time of trial.

(Citations omitted.) *Radford v. State*, 281 Ga. 303, 304 (2) (637 SE2d 712) (2006). See *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

At the hearing on Moe's motion for a new trial, his trial counsel testified that he had an adequate opportunity to interview the witness before the trial began. The witness answered his questions exactly as counsel expected, based on his discussions with Moe and his review of the witness's pretrial statements. We conclude that counsel's decision not to request a continuance did not constitute deficient performance. *Felder v. State*, 286 Ga. App. 271, 278 (5) (b) (648 SE2d 753) (2007). In addition, Moe has not demonstrated any way that a continuance, if granted, would have affected the outcome of the case. *Ruffin v. State*, 283 Ga. 87, 90 (12) (a) (656 SE2d 140) (2008). Under these circumstances, the trial court was authorized to find that Moe received effective assistance of counsel.

*Judgment affirmed. Johnson, P. J., and Mikell, J., concur.*

DECIDED APRIL 1, 2009.

*Samir J. Patel*, for appellant.

*T. Joseph Campbell, District Attorney, Rosemary G. Heidmann, Assistant District Attorney*, for appellee.