S10A0567. MIKELL v. THE STATE.
(690 SE2d 858)

THOMPSON, Justice.

Appellant Calvin Mikell was convicted and sentenced to life in prison in connection with the stabbing death of Laqueta Williams.[1] He appeals from the denial of his motion for new trial asserting that the trial court erred by finding that he received effective assistance of trial counsel. For the reasons that follow, we affirm the judgments of conviction in part, but we vacate the conviction and sentence for

---

[1] The crimes were committed on November 25, 2004. Appellant was indicted by a Gwinnett County grand jury on July 13, 2005, on charges of malice murder, felony murder while in the commission of an aggravated assault, aggravated assault, and burglary. Trial commenced on March 26, 2007, and on March 29, 2007, a jury found appellant guilty of all charges. He was sentenced to life in prison on the murder count, a concurrent 20-year term of imprisonment on the charge of aggravated assault, and a consecutive 20-year term of imprisonment on the burglary count. The felony murder count was vacated by operation of law. See *Malcolm v. State*, 263 Ga. 369 (5) (434 SE2d 479) (1993). Appellant filed a motion for new trial on April 11, 2007, which was amended on July 1, 2009. The amended motion for new trial was denied on July 7, 2009. Appellant filed his notice of appeal on August 4, 2009. The case was docketed in this Court on December 15, 2009 and submitted for decision on the briefs.

aggravated assault and remand to the trial court for resentencing.

1. Viewed in the light most favorable to the verdict, the evidence shows that appellant broke down the door of the hotel room where the victim was staying. He then entered the room, pinned the victim to the ground, and stabbed her in the head, arms, neck, and chest, resulting in her death. A witness who identified appellant in a photographic lineup saw him banging on the victim's door with a hammer, and DNA evidence linked appellant with the scene of the crime. The evidence was sufficient for a rational trier of fact to find appellant guilty beyond a reasonable doubt of the crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant contends he received ineffective assistance of trial counsel. In order to prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), appellant "must prove both that his trial counsel's performance was deficient and that there is a reasonable probability that the trial result would have been different if not for the deficient performance. [Cit.]" *White v. State*, 283 Ga. 566, 569 (4) (662 SE2d 131) (2008). We conclude appellant failed to make the requisite showings.

(a) Appellant contends trial counsel was ineffective for failing to object to the State's opening statement. In setting out its case before the jury, the prosecutor stated:

> The defendant pinned [the victim] down on the floor of her hotel room, and then he plunged a knife into her chest, arms, neck, once, twice, 3 times, 4 times, 5 times, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49 times killing her.

Appellant argues that the State's comments went beyond an allowable statement of facts and improperly highlighted the facts in such a way as to advocate against him.

The prosecutor's opening statement must be

> confined to what he or she expects the evidence to prove at trial. [Cit.] If a prosecutor fails to follow that requirement, a conviction will not be reversed if the opening statement was made in good faith, and the trial court instructs the jury that opening statements are not to be considered as evidence during deliberations. [Cit.]

*Hartry v. State*, 270 Ga. 596, 598 (2) (512 SE2d 251) (1999). While

obviously placing appellant in a negative light, the State's recount of the anticipated evidence of multiple stab wounds was confined to what the prosecutor expected to prove, and ultimately did prove, at trial. Moreover, appellant cannot carry his burden of showing that, had trial counsel objected to the prosecutor's comments, there is a reasonable probability the outcome of the trial would have been different. See *Jackson v. State*, 282 Ga. 494 (3) (651 SE2d 702) (2007).

(b) The indictment charged appellant with burglary by entering the victim's hotel room without authority. During its deliberations, the jury asked, "If a person is let in to the room without force and then committed aggravated assault, is this considered burglary?" The court recharged the jury that "the law says that a person commits the offense of burglary when without authority that person enters or remains in any building . . . with the intent to commit the alleged felony therein." Appellant contends the recharge allowed the jury to convict him of crimes not charged in the indictment and counsel was ineffective for failing to object to the recharge. We disagree.

Where the indictment charges a defendant committed an offense by one method, it is reversible error for the court to instruct the jury that the offense could be committed by other statutory methods with no limiting instruction. *Stringer v. State*, 285 Ga. 842 (5) (684 SE2d 590) (2009). The defect is cured, however, where, as here, the court provides the jury with the indictment and instructs jurors that the burden of proof rests upon the State to prove every material allegation of the indictment and every essential element of the crime charged beyond a reasonable doubt. Id.; *Robinson v. State*, 268 Ga. 175 (2) (486 SE2d 156) (1997). Considered in its entirety, the charge in this case fairly instructed jurors that they could convict appellant of burglary only as charged in the indictment and counsel's failure to make a meritless objection to the recharge does not constitute deficient performance. See *Martin v. State*, 281 Ga. 778 (3) (a) (642 SE2d 837) (2007).

3. "When a victim suffers multiple wounds inflicted in quick succession, each infliction of injury does not constitute a separate assault. [Cit.] [A] separate judgment of conviction and sentence is authorized if a defendant commits an aggravated assault independent of the act which caused the victim's death. [Cit.]" *Coleman v. State*, 286 Ga. 291, 295 (3) (687 SE2d 427) (2009). In the present case, the medical examiner testified that the 49 knife wounds to the victim "had to have been inflicted relatively quickly" and "could have been produced inside of a minute." As in *Coleman*, there was no evidence to establish a "deliberate interval" in the series of wounds.

Accordingly, appellant's conviction for aggravated assault must be vacated because it merged as a matter of fact into the conviction for malice murder, the sentence imposed thereon must be vacated, and the case remanded to the trial court for resentencing. Id. This disposition is required even though appellant failed to raise the claim in the trial court, *Curtis v. State*, 275 Ga. 576 (571 SE2d 376) (2002), or to challenge the sentence for aggravated assault on appeal, *Carter v. State*, 285 Ga. 394 (8) (677 SE2d 71) (2009).

*Judgment affirmed in part and vacated in part, and case remanded for resentencing. All the Justices concur.*

DECIDED MARCH 15, 2010.

*Wystan B. Getz*, for appellant.

*Daniel J. Porter, District Attorney, Thurbert E. Baker, Attorney General, Reggie A. Lampkin, Assistant Attorney General*, for appellee.