## S11A1338. CULPEPPER v. THE STATE.
(715 SE2d 155)

BENHAM, Justice.

Alvenio Johnny Culpepper was convicted of and sentenced for the malice murder, aggravated assault, and armed robbery of Jenny Neville, as well as possession of a knife during the commission of armed robbery.[1] He appeals his convictions, contending the aggravated assault and armed robbery convictions merged into the malice murder conviction and the sentences imposed for aggravated assault and armed robbery should be vacated. Appellant is correct with regard to his conviction for aggravated assault, but incorrect insofar as his conviction for armed robbery is concerned. Accordingly, we affirm his convictions for malice murder, armed robbery, and possession of a knife during the commission of armed robbery, vacate his conviction for aggravated assault, and remand the case to the trial court for resentencing.

---

[1] The crimes were committed on September 11, 2006, and appellant was arrested on September 16. On December 6, 2006, the Gwinnett County grand jury returned a true bill of indictment charging appellant with malice murder, two counts of felony murder, aggravated assault, armed robbery, theft by taking, and two counts of possession of a knife during the commission of a felony. Appellant's trial commenced on May 11, 2009, and concluded with the jury's return of guilty verdicts on all charges on May 19. Appellant's sentences of life imprisonment for malice murder, and 20 years for armed robbery, 20 years for aggravated assault, and five years for possession of a knife, to be served consecutively, were filed on June 2, 2009. Appellant filed a motion for new trial on June 3, 2009, and amended it on June 14, 2010. The trial court held a hearing on the motion on July 9, 2010, and denied the motion on December 29, 2010. Pursuant to appellant's timely-filed notice of appeal on January 5, 2011, this appeal was docketed in this Court to the September 2011 term and submitted for decision on the briefs.

1. Jenny Neville was found dead in her Duluth, Georgia, duplex apartment on September 12, 2006. She had been stabbed 22 times. The medical examiner testified the victim died within minutes of sustaining her injuries from a combination of blood loss and inability to breathe. The medical examiner classified several of the victim's stab wounds as "potentially survivable" because no major blood vessel, organ, or bone was injured, and described as "fatal" the stab wounds that injured the victim's jugular vein, right lung, right kidney, and small intestine. The State presented evidence that appellant was the resident in the duplex's other apartment, and socks and a t-shirt stained with the victim's blood were found in his apartment. A cordless telephone handset, the base of which was found in the victim's apartment, was found atop appellant's television. The knife used to stab the victim was found under a floormat outside her apartment. A handwritten note containing appellant's fingerprints was found in appellant's apartment, and it stated that appellant loved his family, that drugs had gotten the best of him, and that he had not meant to hurt anyone. Appellant was arrested in Pennsylvania five days after Ms. Neville was killed and gave two written statements and a videotaped interview in which he confessed to stabbing the victim with a knife, taking her automated teller machine card and her car, and leaving the knife he had used under the floormat at the base of the stairs to the victim's apartment. The victim's car was found on September 19 a short distance from the Pennsylvania city in which appellant was arrested. The evidence was sufficient to authorize the jury to find appellant guilty of malice murder, aggravated assault, armed robbery, and possession of a knife during the commission of a felony. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The indictment charged appellant with malice murder by stabbing the victim, felony murder with armed robbery as the predicate offense, felony murder with aggravated assault by stabbing as the predicate offense, armed robbery, aggravated assault by stabbing, and possession of a knife during the commission of armed robbery. The jury returned guilty verdicts on all charges. Appellant contends his aggravated assault conviction for stabbing the victim with a knife merges as a matter of fact into his felony murder/aggravated assault conviction, which merges into the malice murder conviction for killing the victim by stabbing her with a knife. He uses the same rationale to argue that his armed robbery conviction also merges into his malice murder conviction.

When the only murder conviction is for felony murder and a defendant is convicted of both felony murder and the predicate felony of the felony murder charge, the conviction for the predicate felony merges into the felony murder conviction. *Green v. State*, 283

Ga. 126 (2) (657 SE2d 221) (2008). However, appellant's felony murder convictions became "simply surplusage" when appellant was convicted of and sentenced for the malice murder of the victim of the felony murder charges, and the felony murder convictions were properly vacated by the trial court. *Malcolm v. State*, 263 Ga. 369 (4) (434 SE2d 479) (1993). Where, as here, a valid guilty verdict is also returned on an alternative count of malice murder, the trial court acts properly when it treats the felony murder counts as surplusage and then determines whether the predicate felony of each felony murder count did or did not merge into the malice murder count. Id. at 372-373.

OCGA § 16-1-7 (a) (1) prohibits a defendant from being convicted of more than one crime if one crime is included in another. *Drinkard v. Walker*, 281 Ga. 211, 212 (636 SE2d 530) (2006). Under the "required evidence" test adopted in *Drinkard*, "where the same act or transaction constitutes the violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." Id. at 215.

(a) The indictment charged appellant with killing the victim with malice aforethought by stabbing her with a knife, and with assaulting her by stabbing her with a deadly weapon, a knife. Malice murder requires proof of a fact — the death of the victim — that aggravated assault does not require; however, aggravated assault as pled does not require proof of a fact not required to be proved in malice murder. Accordingly, the aggravated assault conviction merges into the malice murder conviction, and the sentence imposed for aggravated assault must be vacated. See *Bell v. State*, 284 Ga. 790 (1) (671 SE2d 815) (2009).

The State argues that wounds not classified by the medical examiner as fatal may serve as an aggravated assault distinct from the aggravated assault that results in the victim's death, and urges the Court to uphold the aggravated assault conviction based on one of the non-fatal stab wounds suffered by the victim. We decline to do so.

> When a victim suffers multiple wounds inflicted in quick succession, each infliction of injury does not constitute a separate assault. [Cit.] However, a separate judgment of conviction and sentence is authorized if a defendant commits an aggravated assault independent of the act which caused the victim's death. [Cit.] When a series of [stab wounds] are separated by a "deliberate interval" and a non-fatal injury is sustained prior to the interval and a fatal injury sustained after the interval, the earlier, non-

fatal infliction of injury can serve to support a conviction for aggravated assault. [Cit.]

*Coleman v. State*, 286 Ga. 291 (3) (687 SE2d 427) (2009). See also *Mikell v. State*, 286 Ga. 722 (3) (690 SE2d 858) (2010). As was the case in *Coleman* and *Mikell*, there was no evidence of a "deliberate interval" between infliction of a non-fatal injury and a fatal injury. Accordingly, the aggravated assault merged into the malice murder conviction, and the sentence imposed for aggravated assault must be vacated.

(b) Appellant also contends his armed robbery conviction should be vacated because it merges into the malice murder conviction. Using the "required evidence" test of *Drinkard* (whether each crime requires proof of a fact which the other does not), we conclude that armed robbery does not merge into malice murder because malice murder has an element that must be proven (death of the victim) that armed robbery does not, and armed robbery has an element (taking of property) that malice murder does not. See *Lucky v. State*, 286 Ga. 478, 482 (689 SE2d 825) (2010). Thus, appellant's conviction and sentence for armed robbery remain in place.

*Judgment affirmed in part and vacated in part, and case remanded for resentencing. All the Justices concur.*

DECIDED SEPTEMBER 12, 2011.

*Sharon L. Hopkins*, for appellant.
*Daniel J. Porter, District Attorney, Richard A. Vandever, Assistant District Attorney, Samuel S. Olens, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Dana E. Wolk, Assistant Attorney General*, for appellee.