## A11A1616. TILLER v. THE STATE.
(724 SE2d 397)

BOGGS, Judge.

Eldrick Tiller appeals from his convictions of aggravated assault, battery, and possession of a firearm by a convicted felon.[1] Tiller asserts that insufficient evidence supports his aggravated assault and battery convictions, that the trial court erred in its charge on

---

[1] Although the jury also found Tiller guilty of possessing a firearm during the commission of a felony, the trial court granted his motion for a new trial on this charge based upon its failure to instruct the jury properly.

battery, and that he received ineffective assistance of counsel. For the reasons explained below, we affirm.

On appeal from a criminal conviction, this court views the evidence in the light most favorable to the verdict, and the appellant no longer enjoys the presumption of innocence. *Rankin v. State*, 278 Ga. 704, 705 (606 SE2d 269) (2004); *Bautista v. State*, 305 Ga. App. 210 (1) (699 SE2d 392) (2010). Rather, "this [c]ourt determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979)." *Rankin*, supra.

So viewed, the record shows that Tiller confronted the victim in a convenience store because he believed the victim had "jumped" into a fight that had occurred one month earlier between Tiller's female cousin and another woman. The victim testified that Tiller "was mad" and asked him to "[c]ome outside." The victim refused to go outside because he was worried about "getting jumped." The victim waited inside the store for five to ten minutes until Tiller left the store and went to the right toward a barber shop.

The victim then exited the store and turned left toward a fast food restaurant. As the victim was walking, he heard a gunshot and started running. When he turned around, he saw that Tiller was shooting at him. He testified that Tiller fired three or four shots at him. The victim ran down a path through a wooded area to escape Tiller, but Tiller caught up with him when he emerged onto a street. The victim testified that Tiller hit him "[i]n the eye" with "[h]is hand" before he ran away again onto the path. The victim testified that his eye was swollen "[a] little bit" after being hit by Tiller.

A friend of Tiller who accompanied him to the convenience store testified that the victim started the altercation. He also testified that he did not remember whether Tiller had a gun that day or that he told a police detective that Tiller fired a gun. He admitted that he heard a gun fire several times after Tiller left the convenience store. In a recorded statement given to a police detective, the friend identified Tiller as the person who fired shots at the victim. During cross-examination, defense counsel established that the friend violated his probation by being present in Walton County at the time of the shooting and that he was afraid of being arrested for that violation when he was questioned by the police detective about the incident.

An eyewitness who worked in the drive-through window at the fast food restaurant testified that she saw Tiller pull a gun from his pants, extend his hand, fire it four or five times, and then run away. She did not see the person at whom Tiller was shooting. She called 911 and told the police that Tiller had fired the gun. During cross-examination, she admitted that her written statement to police

did not identify Tiller by name. Instead, it stated that she saw "a young black male with a white t-shirt khaki short. . . ."

1. We find no merit in Tiller's contention that insufficient evidence supports his aggravated assault conviction. Contrary to Tiller's summation of the evidence, the victim testified that he saw Tiller shooting at him. Any gaps and inconsistencies in the evidence, as well as any witness bias, were for the jury to consider and weigh. *Moe v. State*, 297 Ga. App. 270, 272 (1) (676 SE2d 887) (2009). "Because [Tiller]'s arguments go to the weight, rather than to the sufficiency, of the evidence, he presents no basis for reversing his conviction[ ]." (Citation omitted.) Id.

2. Tiller contends that insufficient evidence supports his battery conviction because "the State failed to produce evidence of any visible bodily harm to [the victim]." OCGA § 16-5-23.1 (a) provides: "A person commits the offense of battery when he or she intentionally causes substantial physical harm or visible bodily harm to another." "Visible bodily harm" is defined as "bodily harm capable of being perceived by a person other than the victim and may include, but is not limited to, substantially blackened eyes, substantially swollen lips or other facial or body parts, or substantial bruises to body parts." OCGA § 16-5-23.1 (b).

In this case, the victim testified that his eye was swollen after Tiller hit him in the eye with his hand. We find this evidence sufficient to support his battery conviction. See *Seritt v. State*, 237 Ga. App. 665, 668 (3) (c) (516 SE2d 366) (1999) (victim's account that defendant kicked him in face causing swollen lip sufficient to prove battery).

3. Tiller argues, and the State concedes,[2] that he is entitled to a new trial because the trial court charged the jury on a method of committing battery that was not alleged in the indictment. Although the indictment charged Tiller with committing battery by causing "visible bodily harm to [the victim]," the trial court charged the jury as follows: "A person commits the offense of battery when that person intentionally causes *substantial physical harm or visible bodily harm to another*." (Emphasis supplied.) Although defense counsel did not object to this charge, Tiller asserts he is entitled to a new trial under the plain error analysis provided by OCGA § 17-8-58.[3]

---

[2] This court is not bound by the State's concession as it is for this court to determine whether Tiller is legally entitled to a new trial based upon the trial court's erroneous charge. See, e.g., *Busbee v. State*, 205 Ga. App. 533, 534 (423 SE2d 3) (1992).

[3] OCGA § 17-8-58 (b) provides that a failure to make a contemporaneous and specific objection to a jury charge "shall preclude appellate review of such portion of the jury charge, unless such portion of the jury charge constitutes plain error which affects substantial rights

Before undertaking a plain error analysis, however, we must first determine whether the battery charge, when considered with the trial court's charge as a whole, resulted in reversible error.

> Generally, it is not error to charge an entire Code section even though a portion of the charge may be inapplicable to the facts in evidence. Nevertheless, the giving of a jury instruction which deviates from the indictment violates due process where there is evidence to support a conviction on the unalleged manner of committing the crime and the jury is not instructed to limit its consideration to the manner specified in the indictment.

(Citations and punctuation omitted.) *Wallin v. State*, 305 Ga. App. 663, 664 (1) (700 SE2d 837) (2010). See also *Mitchell v. State*, 283 Ga. 341, 343 (1) (659 SE2d 356) (2008).

In this case, the trial court read the indictment to the jury, and the jury had it with them during their deliberations. The court instructed the jury that it should not convict Tiller "unless and until each element of the crime *as charged* is proven beyond a reasonable doubt" and that "[t]he burden of proof rests upon the State to prove *every material allegation of the indictment and every essential element of the crime charged* beyond a reasonable doubt." (Emphasis supplied.) Finally, the court informed the jury that

> [i]f, after considering the testimony and the evidence pre-sented to you together with the charge of the Court you should find and believe beyond a reasonable doubt that the Defendant . . . did . . . *commit the offense of battery as alleged in Count 2 of the indictment* you would be autho-rized to find the Defendant guilty.

(Emphasis supplied.) These charges properly "limit[ed] the jury's consideration to the specific manner of committing the crime alleged in the indictment." (Citation, punctuation and footnote omitted.) *Adams v. State*, 312 Ga. App. 570, 576 (2) (718 SE2d 899) (2011). Because these charges cured the contended error in the battery charge, we need not reverse or engage in a plain error analysis. *Smith v. State*, 313 Ga. App. 170, 176 (3) (721 SE2d 165) (2011) (similar limiting instructions cured alleged due process violation in battery charge).

4. Tiller asserts that he received ineffective assistance because

---

of the parties. Such plain error may be considered on appeal even if it was not brought to the court's attention as provided in subsection (a) of this Code section."

his trial counsel failed to request a charge on the lesser included offense of reckless conduct. To succeed on an ineffective assistance claim, a criminal defendant must demonstrate both that his trial counsel's performance was deficient and that there is a reasonable probability that the trial result would have been different if not for the deficient performance. *Miller v. State*, 285 Ga. 285, 285-287 (676 SE2d 173) (2009). "When reviewing an ineffective assistance claim, we accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts." (Citation and punctuation omitted.) *Gandy v. State*, 290 Ga. App. 166, 170 (4) (718 SE2d 287) (2011). See also *Suggs v. State*, 272 Ga. 85, 88 (4) (526 SE2d 347) (2000) (clarifying that clearly erroneous standard applies solely to trial court's factual findings and that no deference owed to trial court's legal conclusions).

A failure to request a charge on a lesser included offense cannot support a claim of ineffective assistance where as here "the evidence does not reasonably raise the issue that the appellant may be guilty only of the lesser crime." (Citation and punctuation omitted.) *Mahoney v. State*, 296 Ga. App. 570, 572 (2) (b) (675 SE2d 285) (2009). "[A] written request to charge a lesser included offense must always be given if there is any evidence that the defendant is guilty of the lesser included offense." *State v. Alvarado*, 260 Ga. 563, 564 (397 SE2d 550) (1990). "However, when the evidence establishes all of the elements of the indicted offense and there is no evidence [showing] the lesser offense, there is no error in refusing to charge the lesser offense." (Citation, punctuation and footnote omitted.) *Anderson v. State*, 264 Ga. App. 362, 365 (3) (590 SE2d 729) (2003).

A person commits reckless conduct when he

> causes bodily harm to or endangers the bodily safety of another person by consciously disregarding a substantial and unjustifiable risk that his act or omission will cause harm or endanger the safety of the other person and the disregard constitutes a gross deviation from the standard of care which a reasonable person would exercise in the situation.

OCGA § 16-5-60 (b). In this case, Tiller's defense theory was that the State did not prove "beyond a reasonable doubt that . . . Tiller was the one with the gun" and that it could have been somebody else. He did not assert that he fired the gun negligently, and the record contains no evidence that the gunman was negligent or pointed in a direction other than the victim. One witness's testimony that she could not see at whom Tiller was shooting cannot be equated with

affirmative evidence that Tiller was negligent or shooting into the air. Compare *Shaw v. State*, 238 Ga. App. 757, 759 (1) (519 SE2d 486) (1999) (witness testimony that defendant fired gun into air provided slight evidence warranting reckless conduct charge). The victim testified repeatedly that Tiller was shooting at him, and there is no affirmative evidence to the contrary. Consequently, a charge on reckless conduct was not warranted, and the trial court did not err by concluding that Tiller's ineffective assistance claim had no merit. See *Cain v. State*, 288 Ga. App. 535, 537 (2) (654 SE2d 456) (2007) (reckless conduct charge not warranted where there was no evidence that defendant was negligent in firing the gun).

*Judgment affirmed. Mikell, P. J., and Dillard, J., concur.*

DECIDED FEBRUARY 1, 2012 —
RECONSIDERATION DENIED MARCH 1, 2012.

*Jessica I. Benjamin*, for appellant.
*Layla H. Zon, District Attorney, Walter C. Howard, Assistant District Attorney*, for appellee.