FINAL COPY
294 Ga. 486

S13A1580. DAVIS v. THE STATE.

MELTON, Justice.

Following a jury trial, Troy Lee Davis, Jr., appeals his conviction for the malice murders of his aunt and uncle, Mary Lavender Chambers and William Horace Marsingill, contending, among other things, that he received ineffective assistance of counsel.[1] For the reasons set forth below, we affirm.

1. In the light most favorable to the verdict, the record shows that Davis lived in the same home with Chambers and Marsingill. On February 28, 2005, Davis called police to report an intruder in the home. He informed police that he was locked in his room with a loaded shotgun. When police arrived, they discovered the bodies of Chambers and Marsingill. Both victims had been stabbed at least 25 times and died from their wounds. According to

---

[1] On May 25, 2005, Davis was indicted for the malice murders and felony murders of Chambers and Marsingill. Following a jury trial, Davis was found guilty of all crimes, and, on October 16, 2009, he was sentenced to two consecutive terms of life imprisonment. The convictions for felony murder were vacated by operation of law. Malcolm v. State, 263 Ga. 369 (4) (434 SE2d 479) (1993). On October 22, 2009, Davis filed a motion for new trial, and amended it on December 3, 2012. The motion was denied on March 13, 2013. Davis filed a timely notice of appeal, and his case was docketed to the September 2013 term of this Court and submitted for decision on the briefs.

investigators, the entire house smelled of bleach, and there was some indication that the crime scene had been cleaned, including the fact that a roll of paper towels was found near Marsingill's body and, given the multiple stabbings, there was an unusually small amount of blood. Two large bottles of bleach were discovered in Davis' bedroom along with twenty-two knives; however, no blood was found on any of the knives. Contrary to Davis's statements, there was no indication of forced entry into the home, and its contents were not ransacked. In addition to this evidence, there was testimony that Chambers had previously stated that she was afraid of Davis and a note was found outside Davis's mother's home reading, "Momma, I don't want any trouble to come your way, so I'm leaving. Love, Lee."

This evidence was sufficient to enable the jury to find Davis guilty of the crimes for which he was convicted beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

2. Davis argues that the trial court erred by admitting hearsay evidence that Chambers was afraid of him, contending specifically that the statement, as

reported by Chambers's niece, does not fall under the necessity exception.[2] We disagree.

For a statement to be admissible under the necessity exception to the rule against hearsay, its proponent must show "a necessity for the evidence, a circumstantial guaranty of the statement's trustworthiness, and that the hearsay statements are more probative and revealing than other available evidence." (Citation and punctuation omitted.) Mathis v. State, 291 Ga. 268, 270-271(3) (728 SE2d 661) (2012). Because Chambers was murdered and unavailable to testify, the first prong of the exception is satisfied. Id. at 271. As to the second prong, "we have held that a statement is trustworthy when made to someone with whom the declarant enjoys a close personal relationship." (Citations omitted.) Id. Here, Chambers confided in her niece, with whom she had a close relationship, so the second prong is also satisfied. Finally, Chambers's statement about her fear of Davis was highly probative of her relationship with him and the only direct evidence of that relationship. Thus, all prongs of the necessity

---

[2] Under the new Evidence Code, the necessity exception is encompassed within OCGA § 24-8-807. However, this Code section does not apply here, because this case was tried before January 1, 2013, the effective date of the new Evidence Code.

exception were satisfied, and the trial court did not err by allowing this testimony.

3. Davis contends that trial counsel rendered ineffective assistance by failing to object to (a) the admission of the shotgun and knives found at the home of the victims and (b) a portion of the prosecutor's closing argument.

> In order to succeed on his claim of ineffective assistance, [Davis] must prove both that his trial counsel's performance was deficient and that there is a reasonable probability that the trial result would have been different if not for the deficient performance. Strickland v. Washington, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). If an appellant fails to meet his or her burden of proving either prong of the Strickland test, the reviewing court does not have to examine the other prong. Id. at 697 (IV); Fuller v. State, 277 Ga. 505 (3) (591 SE2d 782) (2004). In reviewing the trial court's decision, "'[w]e accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts.' [Cit.]" Robinson v. State, 277 Ga. 75, 76 (586 SE2d 313) (2003).

Wright v. State, 291 Ga. 869, 870 (2) (734 SE2d 876) (2012).

(a) With regard to the shotgun and knives, Davis erroneously contends that both were irrelevant and inadmissible. As for the shotgun, Davis was originally discovered at the victims' home in possession of the shotgun, and Davis, himself, testified that he had the weapon. With regard to the knives, the victims were murdered by stabbing, and the knives were found in Davis's room.

4

The knives were relevant to the crime. Furthermore, Davis's attorney testified that he wanted the knives to be admitted into evidence because the State was unable to find blood on any of them, and a review of the transcript indicates that Davis's trial attorney also used evidence of the shotgun to imply that, if Davis were the murderer, he would have used the shotgun, not knives. Trial counsel's performance was not deficient in relation to this evidence. Id.

(b) Davis also contends that trial counsel rendered ineffective assistance by failing to object to a portion of the prosecutor's closing argument in which the prosecutor argued that "[i]f I can take you folks that know nothing about the case and, given that scenario, you say, 'I think he did it,' that's it, okay? Remember that." Specifically, Davis maintains that the prosecutor was advocating a diminished standard of proof. The record shows, however, that

> [t]he trial court fully and correctly instructed the jury on the burden of proof. Thus, even if defense counsel would have objected to the prosecutor's statements, the outcome of the trial would not have been different. See Hayes v. State, 263 Ga. 15 (426 SE2d 557) (1993). "'Qualified jurors under oath are presumed to follow the instructions of the trial court.' [Cits.]" Holmes v. State, 273 Ga. 644, 648 (543 SE2d 688) (2001).

Starks v. State, 283 Ga. 164, 168 (6) (e) (656 SE2d 518) (2008). Davis's claim has no merit.

Judgment affirmed. All the Justices concur.

5

Decided January 21, 2014 – Reconsideration dismissed February 24, 2014.

Murder. Gwinnett Superior Court. Before Judge Hamil.

Edwin J. Wilson, for appellant.

Daniel J. Porter, District Attorney, Richard A. Vandever, Assistant District Attorney, Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, David A. Bikoff, Assistant Attorney General, for appellee.