**SECOND DIVISION**
**ANDREWS, P. J.,**
**MCFADDEN and RAY, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

October 3, 2014

# In the Court of Appeals of Georgia

A14A0966.  CHAVEZ v. THE STATE.

ANDREWS, Presiding Judge.

A Gwinnett County jury found Antonio Cacique Chavez guilty of one count of rape (OCGA § 16-6-1), one count of aggravated sexual battery (OCGA § 16-6-22.2), two counts of aggravated child molestation (OCGA § 16-6-4 (c)), and one count of child molestation (OCGA § 16-6-4 (a)). The trial court denied Chavez's motion for new trial as amended and Chavez appeals, arguing that he received ineffective assistance of trial counsel due to a host of alleged errors. We affirm.

Viewed in a light most favorable to the jury's verdict, the evidence adduced at trial revealed that the victim lived with her mother, brothers, sister-in-law and nephew at a residence in Gwinnett County. The family moved to the house when the victim was approximately eight years old. At the same time, Chavez moved into the

residence and subsequently began a sexual relationship with the victim's mother. Initially, the victim liked Chavez because he played games with her and helped take care of her when her mother worked a night-shift job. Her feelings for Chavez changed, however, when he did "bad stuff" to her.

The "bad stuff" began with Chavez asking the victim to play with him and then removing her pants and touching her "private part" over her underwear. The incident made the victim feel "scared," but she did not tell anyone due to Chavez's threat that they would get in trouble. Some time thereafter, Chavez continued his abuse of the victim by putting his "private part on [the victim's] private part" under her clothes and inserting his penis inside her vagina. The victim also explicitly described Chavez's ejaculate, Chavez digitally penetrating her vagina and moving his fingers around, Chavez making the victim place her hands on his penis, and instances of oral intercourse in which Chavez placed the victim's mouth on his penis and inserted his tongue in the victim's vagina. Chavez also showed pornographic videos to the victim. These occasions made the victim feel "nasty" and made her want "to throw up." The victim also witnessed acts of sexual intercourse between Chavez and her mother.

After several instances of abuse, the victim finally told her sister-in-law about Chavez's actions, after which she felt "happy" and "relieved." The sister-in-law

2

reported the abuse to the victim's mother, and the three of them proceeded to a local hospital where staff reported the incident to law enforcement.

At trial, the victim's second cousin testified as a similar transaction witness. Chavez lived with the cousin's family in Kansas and was evicted when his abuse of the cousin was discovered; Chavez then moved in with the victim and her family in Gwinnett County. The cousin described a similar initial affection for Chavez, followed by instances of sexual abuse culminating in her outcry to her brother and parents and resulting in Chavez's expulsion from their home.[1]

In his sole enumeration of error, Chavez contends that he received ineffective assistance of trial counsel

Under Georgia law,

> To obtain reversal of a conviction based on a claim of ineffective assistance of counsel, a defendant has the burden of proving that counsel's performance was deficient, and that, but for the deficiency, there was a reasonable probability the outcome of the trial would have been different. To establish deficient performance, a defendant must show that counsel's performance fell below an objective standard of reasonableness under the circumstances confronting counsel at the time

---

[1] Chavez does not contest that this evidence was sufficient for a rational trier of fact to find him guilty of the crimes charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

3

without resorting to hindsight. In considering adequacy of performance, trial counsel "is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."

(Citations and punctuation omitted.) *Reyes v. State*, 322 Ga. App. 496, 502 (5) (745 SE2d 738) (2013). If an appellant fails to satisfy either prong of the test for ineffective assistance of counsel, it is not incumbent upon this Court to examine the other prong. See, e.g., *Thomas v. State*, 318 Ga. App. 849, 857 (5) (734 SE2d 823) (2012).

1. Failure to Object to Testimony by Corporal Edwin J. Ritter.

First, Chavez argues that trial counsel was ineffective for failing to object to testimony by Gwinnett County Sheriff's Corporal Edwin J. Ritter that commented on the victim's credibility. Specifically, Chavez highlights the following testimony during Ritter's cross-examination:

Q. Some of the things that you mentioned specifically when you talked about the recording that you did here, there's always a concern about coaching, that the child has been coached. Was there anything in that interview that gave you the impression that that had happened, the mother's information perhaps?

4

A.     I was a little concerned at first when I was establishing a rapport with [the victim] when she just came out and said that the defendant made her -- or did these things to her.

Q.     What about the language she used when she said he's the person I have a problem with?

A.     Yeah. I questioned that in my mind. And then later on in the interview when she was able to give specific details that would be age inappropriate, *I believed what was going on*.

(Emphasis added). The question followed other questions from Chavez's counsel concerning Ritter's experience with victims "who made allegations that, in your opinion, were false" and Ritter's training related to questioning victims to limit influencing the victim's story. Trial counsel did not object to Ritter's statement that he "believed what was going on."

It is true that "[t]he credibility of a witness is a matter to be determined by the jury under proper instructions of the court," OCGA § 24-9-80 (2010), and that witnesses may not opine whether a party is telling the truth. See *Shelton v. State*, 251 Ga. App. 34, 38 (3) (553 SE2d 358) (2001). The jury in this case was so charged. However, Ritter's testimony simply responded to Chavez's counsel's inquiries concerning Ritter's training and whether the victim may have been coached.

5

Moreover, the victim testified and was subject to cross-examination, and the video recording of the victim's interview was presented to the jury, allowing it to independently evaluate her credibility.[2] Regardless of whether trial counsel should have objected to Ritter's testimony, in view of the overwhelming evidence of Chavez's guilt, we cannot say that Ritter's limited statement affected the outcome of the trial. See *Jones v. State*, 292 Ga. 593, 600 (7) (d) (740 SE2d 147) (2013); *Damerow v. State*, 310 Ga. App. 530, 536-537 (4) (a) (i) (714 SE2d 82) (2011); *Brock v. State*, 183 Ga. App. 277, 279 (358 SE2d 613) (1987). Chavez has therefore failed to show a reasonable probability that he would not have been convicted but for the error, and, accordingly, ineffective assistance of trial counsel has not been shown on this basis.

2. Failure to Object to Burden Shifting in Prosecutor's Closing Argument.

Next, Chavez contends that he received ineffective assistance of trial counsel due to counsel's failure to object to comments by the prosecutor that allegedly shifted the burden of proof to the defense. He likewise complains that trial counsel rendered

---

[2] In view of these factors, the testimony did not usurp the jury's power, and *Guest v. State*, cited by Chavez, is therefore inapposite. 201 Ga. App. 506, 507 (1) (411 SE2d 364) (1991). See *Geiger v. State*, 258 Ga. App. 57, 62 (3) (e) (573 SE2d 85) (2002); *Stamey v. State*, 194 Ga. App. 305 (1) (a) (390 SE2d 409) (1990).

ineffective assistance by failing to preserve the issue for appeal following a subsequent objection. We are not persuaded.

During closing arguments, while referring to Chavez's testimony, the prosecuting attorney argued that, "[y]ou know, ladies and gentlemen, you've got to give me a reason. If you're going to find this man not guilty, you got to give me a reason why not one but two girls would make this up about him." Trial counsel did not object to this statement. Later in the prosecutor's argument, he stated, "I mean, ladies and gentlemen, you have to give me a reason to acquit, but you can't. And you shouldn't be concerning yourselves with questions about why a child would lie." Trial counsel objected and asked to approach the bench. The ensuing bench conference was not transcribed, and the record contains neither a ruling on trial counsel's objection nor a request for a curative instruction or any other remedial measure.

"[A] prosecutor is granted wide latitude in the conduct of closing argument, the bounds of which are in the trial court's discretion." *Matthews v. State*, 294 Ga. 50, 53 (3) (b) (751 SE2d 78) (2013). Here, the prosecutor's statement was merely an interpretation of the trial court's charge on the definition of reasonable doubt ("A reasonable doubt is a doubt based upon common sense and reason. It does not mean

7

a vague or arbitrary doubt, but is a doubt for which a reason can be given.").[3]

Irrespective of whether Chavez's trial counsel erred in not objecting to the argument or in failing to preserve alleged error for appeal, however, we find no prejudice. To the contrary, the record confirms that

> the trial court fully and correctly instructed the jury on the burden of proof. Thus, even if defense counsel would have objected to the prosecutor's statements, the outcome of the trial would not have been different. Qualified jurors under oath are presumed to follow the instructions of the trial court.

(Citations and punctuation omitted). *Davis v. State*, 294 Ga. 486, 488 (3) (b) (754 SE2d 67) (2014). See also *Jeffers v. State*, 290 Ga. 311, 312-313 (3) (721 SE2d 86) (2012); *Mikell v. State*, 286 Ga. 722, 724 (2) (a) (690 SE2d 858) (2010). *Hunt v. State*, cited by Chavez, does not compel a different result. 268 Ga. App. 568, 574 (5) (602 SE2d 312) (2004) (prosecutor's closing argument, while improper, did not warrant reversal because error was harmless). Accordingly, Chavez's claim of ineffective assistance due to trial counsel's failure to object to the prosecutor's argument or to subsequently preserve the alleged error is without merit.

---

[3] The trial court's jury instructions on the definition of reasonable doubt quoted verbatim the pattern charge. See Suggested Pattern Jury Instructions, Vol. II: Criminal Cases (2007), § 1.20.10.

8

3. Failure to Object to Irrelevant Law in Prosecutor's Closing Argument and Jury Charge.

Finally, Chavez argues that trial counsel provided ineffective assistance by failing to object to irrelevant law contained in the prosecutor's closing argument and in the trial court's jury charge.[4] In particular, Chavez contends that mention of the crimes of incest and aggravated sodomy - two crimes that were not charged in the indictment - "violated [his] due process rights." Again, Chavez has failed to satisfy his burden to prove ineffective assistance of counsel.

During closing argument, the prosecutor stated

[o]ne thing the judge will tell you is that . . . convictions for rape, incest, aggravated sexual battery, child molestation, aggravated child molestation and aggravated sodomy may be based upon the uncorroborated testimony of the victim, if the testimony's sufficient to convince you, the jury, of the defendant's guilt beyond a reasonable doubt.

After identifying each of the charges in the indictment and instructing the jury on the definition of each, the trial court included the following in its charge:

---

[4] Although the parties submitted written requests to charge, the record does not include a charge conference during which the suspect charge was discussed.

9

Convictions for rape, incest, aggravated sexual battery, child molestation, aggravated child molestation and aggravated sodomy may be based upon the uncorroborated testimony of the victim if the testimony is sufficient to convince you, the jury, of the defendant's guilt beyond a reasonable doubt.

Chavez was not charged with incest or aggravated sodomy.

Generally, "when an error in the charge of the court is shown to exist, it is presumed to be prejudicial and harmful, and this court will so hold unless it appears from the entire record that the error is harmless." *Overstreet v. State*, 250 Ga. App. 336, 340 (3) (551SE2d 748) (2001). However, "it is not necessary in considering a charge to assume a possible adverse construction, for a charge that is sufficiently clear to be understood by jurors of ordinary capacity and understanding is all that is required." *Feblez v. State*, 181 Ga. App. 567, 568 (2) (353 SE2d 64) (1987). Moreover, "[i]t is a fundamental rule in Georgia that jury instructions must be read and considered as a whole in determining whether the charge contained error." *Henderson v. State*, 320 Ga. App. 553, 562 (8) (740 SE2d 280) (2013).

In this case, there is no error. The legal principles stated by the prosecutor and the trial court, while referencing inapplicable criminal offenses, simply recited the basic principle that "[a] victim's testimony, even without more, can be sufficient to

10

sustain a conviction." *Alford v. State*, 243 Ga. App. 212, 213 (1) (534 SE2d 81) (2000). See also *Gibbs v. State*, 256 Ga. App. 559, 560 (568 SE2d 850) (2002). Moreover, the trial court recited the charges against Chavez; read the indictment to the jury; and properly instructed the jury on the presumption of innocence, that no conviction could result "until each element of the crime as charged is proven beyond a reasonable doubt," that the State bore the burden "to prove every material allegation of the indictment and every essential element of the crime charged beyond a reasonable doubt," and that the burden of proof never shifts to the defendant. See *Sharpe v. State*, 291 Ga. 148, 151 (4) (728 SE2d 217) (2012); *Wright v. State*, 327 Ga. App. 451, 452 (757 SE2d 890) (2014); *Henderson*, 320 Ga. App. at 562; *Tiller v. State*, 314 Ga. App. 472, 475 (3) (724 SE2d 397) (2012). The trial court also stated that "[i]f, after considering the testimony and evidence presented to you, together with the charge of the Court, you should find and believe beyond a reasonable doubt that the defendant . . . did . . . commit the offenses as alleged in the indictment, you would be authorized to find the defendant guilty." See *Tiller*, 314 Ga. App. at 475 (3). Similarly, the trial court noted that the proposed verdict form set out each count of the indictment separately. Finally, the verdict form provided to the jury contained only

11

those charges included in the indictment. See *Sharpe*, 291 Ga. at 151 (4); *Wright*, 327 Ga. App. at 452; *Tiller*, 314 Ga. App. at 475 (3).

When viewed in its entirety, the trial court's charge properly limited the jury's consideration to the offenses contained within the indictment. See *Mikell*, 286 Ga. at 724 (2) (b); *Tiller*, 314 Ga. App. at 475 (3). It necessarily follows that trial counsel's failure to make a meritless objection does not constitute deficient performance. See *Mikell*, 286 Ga. at 724 (2) (b). Notwithstanding the lack of error, we further conclude that Chavez has failed to demonstrate a reasonable probability that the result would have been different but for counsel's alleged error.[5]

Chavez's reliance upon *Harwell v. State*, 270 Ga. 765, 766 (512 SE2d 892) (1999), is misplaced because the passing mention of the inapplicable crimes did not rise to the level of a due process violation. Unlike *Harwell*, the indictment in this case did not charge Chavez with committing a crime in a specific manner while the trial court's jury instruction "defines the crime as an act which may be committed in a manner other than the manner alleged in the indictment." Id. As noted above, the trial

---

[5] To accept Chavez's argument that the jury could have convicted him based upon the passing references to incest and aggravated sodomy, we would be required to conclude that the jury was aware of the elements of incest and aggravated sodomy and became confused, thereafter convicting him of the wrong offenses. The record contains no such charges, and Chavez's argument is therefore unpersuasive.

12

court's jury instruction simply recited a general proposition of law which included references to additional criminal offenses. What is clear is that the trial court never charged the jury on these additional offenses and the jury was not exposed to the additional offenses in its review of the indictment and of the trial court's charge in its entirety. *Harwell* is therefore inapplicable.

In sum, on each of his allegations of ineffective assistance of counsel, Chavez has not satisfied his burden to prove that trial counsel's performance was deficient and that, but for the deficiency, there was a reasonable probability that the outcome of his trial would have been different.

*Judgment affirmed. McFadden, J., concurs. Ray, J., concurs in Divisions 1 and 2 and in the judgment in Division 3.*

13